UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

RIGOBERTO DURAND, individually,

    Plaintiff,

v.

MCGUIGAN LAW OFFICE, LLC,
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT FOR VIOLATIONS OF THE FDCPA
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  Simply put, in its telephonic efforts to collect a consumer debt from Plaintiff, Defendant failed to disclose the purpose of its call to Plaintiff as well as its identity as a debt collector, which are both federally mandated requirements of debt collectors pursuant to the FDCPA.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, RIGOBERTO DURAND ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, MCGUIGAN LAW OFFICE, LLC ("Defendant" or "MCGUIGAN"), is a foreign limited liability company primarily engaged in debt collection and operates from offices located at 1210 Northbrook Drive, Suite 3, Trevose, PA 19053. MCGUIGAN LAW OFFICE, LLC ("MCGUIGAN") is a foreign limited liability company, a licensed consumer collection agency in the State of Florida, and also a debt collector, which collects consumer debts on behalf of GE Money Bank.

5. Defendant is vicariously liable for the actions of any employees of MCGUIGAN to the extent that the actions taken by said employees were in an attempt to collect a consumer debt from Plaintiff. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as that term is defined in the FDCPA; Defendant is also a registered "consumer collection agency" in the State of Florida as that term is defined in Fla. Stat. 559.55 *et seq.*

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt arising from an allegedly unpaid *Dillard's* credit card used by plaintiff for personal clothing, gifts and household goods.

11. One of MCGUIGAN's employees left the following message on Plaintiff's voice mail on or about the date stated:

> *August 30, 2012*
> *It is 3:40pm Eastern Standard Time. - This is Ann Ford, I contacted you earlier today; you requested a phone call back after 3:30. - My number is 877-543-6152. - I need to speak to you today in regards to reference E2732. Again my number is 877-543-6152.*

12. Based upon information and belief, Defendant left similar or identical messages on other occasions within the year of the filing of this complaint. (Collectively, "the telephone messages").

13. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

In several telephone messages, Defendant failed to inform Plaintiff that the communication was from a debt collector, failed to disclose the purpose of

3

Defendant's messages, and, in some of the messages, failed to inform the Plaintiff of its name. See *Chalik v. Westport Recovery Corp.*, 677 F.Supp.2d 1322 (S.D. Fla. October 30, 2009) (holding that allegations that debt collector left voice mail for debtor, which did not reference a debt, were sufficient to state a claim that collector violated Fair Debt Collection Practices Act by failing to identify itself as a debt collector, even though caller stated she was returning debtor's call; whether such call was a "communication" under FDCPA was a factual issue that could not be resolved on pleadings on a motion to dismiss).

14.     Based upon information and belief, Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

15.     Plaintiff incorporates Paragraphs 1 through 16.

16.     An employee of MCGUIGAN, acting on Defendant's behalf, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006); *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006); *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17.    Plaintiff incorporates Paragraphs 1 through 16.

18.    An employee of MCGUIGAN, acting on Defendant's behalf, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name, that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated this 24th day of September, 2012.

        SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff Rigoberto Durand*
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Phone 954-589-0588
Fax    954-337-0666
scott@scottdowens.com


By: /s/ Scott D. Owens
Scott D. Owens, Esq.
Florida Bar No. 0597651